IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FAHEEM LEAF, )
)
Petitioner ) Civil Action
) No. 14-cv-04126
v. )
)
JAY LANE; )
THE DISTRICT ATTORNEY OF )
PHILADELPHIA COUNTY; and )
THE ATTORNEY GENERAL OF THE )
STATE OF PENNSYLVANIA, )
)
Respondents )

* * *

APPEARANCES:

FAHEEM LEAF,
Petitioner pro se

CATHERINE KIEFER, ESQUIRE,
Assistant District Attorney
for the County of Philadelphia,
On behalf of Respondents

* * *

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

The matter before the court is the Petition for Writ of Habeas Corpus by a Person in State Custody ("Habeas Corpus Petition") which was filed by petitioner Faheem Leaf pro se on June 27, 2014. Respondents filed a Response to Petition for Writ of Habeas Corpus on August 13, 2015. On September 29, 2015 petitioner filed Petitioner's Traverse to State[']s Response

[of] August 13, 2015. Thereafter, on October 28, 2015, United States Chief Magistrate Judge Linda K. Caracappa filed a Report and Recommendation, which recommended that petitioner’s Habeas Corpus Petition be dismissed on procedural grounds and, in the alternative, because petitioner’s claims are meritless. On January 11, 2016 petitioner filed Petitioner’s Objections to the United States Magistrate’s Report and Recommendation Entered October 27, 2015.

For the reasons expressed in this Opinion, I approve and adopt the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa, overrule petitioner’s objections, and deny petitioner’s Habeas Corpus Petition.

## PROCEDURAL HISTORY

On December 7, 2009 petitioner Faheem Leaf pled guilty to third-degree murder, criminal conspiracy and possessing an instrument of crime. Petitioner was sentenced to twenty to forty years imprisonment on December 7, 2009 by Judge Carolyn Engel Temin of the Court of Common Pleas of Philadelphia County.

On December 14, 2009 petitioner filed a motion to withdraw his guilty plea, which was denied by the trial court on December 22, 2009.

Petitioner filed a direct appeal, which the Superior Court of Pennsylvania dismissed on July 12, 2010 for failure to file a brief.

On November 24, 2010,[1] petitioner filed a petition pursuant to Pennsylvania’s Post Conviction Relief Act (“PCRA”) alleging that his guilty plea was not voluntary, knowing and intelligent and that his trial counsel was ineffective.

On April 10, 2012 and June 11, 2012 the PCRA court held evidentiary hearings. On August 10, 2012 the PCRA court dismissed petitioner’s PCRA petition.

On June 12, 2013 the Superior Court of Pennsylvania affirmed the dismissal of petitioner’s PCRA petition.

On November 19, 2013 the Supreme Court of Pennsylvania denied allocatur.

---

[1] There is a discrepancy in the record regarding the date that petitioner filed his PCRA petition. In both the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa and the respondents’ Response to Petition for Writ of Habeas Corpus, the filing date of petitioner’s PCRA petition is listed as November 24, 2010. However, in Petitioner’s Traverse to State[’]s Response [of] August 13, 2015 and in Petitioner’s Objections to the United States Magistrate’s Report and Recommendation Entered on October 27, 2015, the filing date of petitioner’s PCRA petition is listed as November 30, 2010.

A review of the state court record reflects that two copies of petitioner’s PCRA petition were filed with the Court of Common Pleas of Philadelphia County -- one on November 24, 2010 and one on November 30, 2010. Because it is unclear why the same petition was filed twice within a six-day period, I consider the earlier date -- November 24, 2010 -- as the date of filing.

On June 27, 2014 petitioner filed the within Habeas Corpus Petition. Respondents filed their Response to Petition for Writ of Habeas Corpus on August 13, 2015.

On September 29, 2015 petitioner filed Petitioner's Traverse to State[']s Response [of] August 13, 2015 ("Traverse").

On October 28, 2015 the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa ("Report") was filed.

On January 11, 2016 petitioner filed Petitioner's Objections to the United States Magistrate's Report and Recommendation Entered on October 27, 2015 ("Petitioner's Objections").

Hence, this Opinion.

**STANDARD OF REVIEW**

The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994); see also United States v. Raddatz, 447 U.S. 667, 676, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424, 433 (1980), stating "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."

However, the district court must review de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.) (citing 28 U.S.C. § 636(b)(1)(C)).

**DISCUSSION**

Petitioner raises two objections to the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa.

First, petitioner objects to Judge Caracappa's determination that his Habeas Corpus Petition should be denied for failing to set forth any facts supporting his claims, as required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

Subsection (2) of Rule 2(c) of the Rules Governing Section 2254 Cases expressly requires that a habeas corpus petition must "state the facts supporting each ground". See also Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). Moreover, the standardized form filed by petitioner in this case specifically instructed him to:

[2] See Petitioner's Objections at pages 4–5.

> 12. State *concisely* every ground on which you claim that you are being held unlawfully. Give specific facts supporting each ground. CAUTION: . . . If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date . . . If you select one or more of these grounds for relief, you must allege facts.

Habeas Corpus Petition at page 8 (emphasis in original).

Although petitioner concedes that he failed to allege any facts in his Habeas Corpus Petition to support the claim that his "plea was not knowingly, intelligently, or voluntarily entered; counsel was ineffective" as is required, he argues that he remedied this omission by filing his Traverse which set forth the factual allegations and legal arguments underpinning his claim.[3]

However, "[a]ny instrument other than pleadings, be it a traverse or motion for reconsideration, is *not* a proper vehicle to set forth Petitioner's claims and facts." Caldwell v. Miner, 2006 U.S. Dist. LEXIS 58494, at *7 (D.N.J. Aug. 7, 2006)(emphasis in original)(citing Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005)); see also Adams v. Armontrout, 897 F.2d 332, 333–334 (8th Cir. 1990); Bibby v. Sherrer, 2006 WL 2711641, at *3 (D.N.J. Sept. 20, 2006). This is because, as the Supreme Court has explained,

---

[3] See Habeas Corpus Petition at page 9; Petitioner's Objections at pages 3–5.

> [u]nder Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition."

Mayle, 545 U.S. at 656, 125 S.Ct. at 2570, 162 L.Ed.2d at 593-594. In other words, the habeas corpus petition alone is the operative pleading that determines the boundaries and scope of the habeas corpus proceeding –- including whether and to what the government needs to respond.

Petitioner's reliance on Lambert v. Blackwell, 175 F.Supp.2d 776 (E.D.Pa. 2001) (Dalzell, J.), is misplaced. In Lambert, the only deficiency in the habeas corpus petition the government sought to strike was that it was not filed on the proper form. See id. at 781. As the court noted, requiring petitioner to reformulate and refile her petition on the standard form "would elevate form over substance and require counsel . . . to engage in additional, repetitive work to duplicate . . . material already painstakingly covered in the pending petition." Id. In this case, the Habeas Corpus Petition is on the correct form but it lacks the necessary substance –- the inverse of the situation in Lambert.

Despite determining (correctly) that petitioner failed to comply with Rule 2(c), Judge Caracappa nonetheless addressed

his Habeas Corpus Petition on its merits and ultimately concluded that "the [Pennsylvania] Superior Court was [not] unreasonable in upholding the [Pennsylvania Post Conviction Relief Act ("PCRA")] court's implicit findings that petitioner's ineffective assistance of counsel claims were not meritorious."[4]

Petitioner also objects to this conclusion on the merits of his petition.[5] Specifically, petitioner contends that Judge Caracappa erred in finding the Pennsylvania Superior Court's upholding of the PCRA court's determination of facts reasonable for two reasons.

Petitioner avers that Judge Carolyn Engel Temin, who presided over the PCRA court, failed to consider statements she made in her robing room that supported petitioner's contention that his plea was part of a package deal.[6] Petitioner also contends that the PCRA court improperly relied on the testimony of Mary T. Maran, Esquire, who petitioner alleges lacked personal knowledge of the facts.[7]

Title 28 United States Code Section 2254(e)(1) establishes a presumption of correctness for a state court's

---

4 Report at page 9.

5 See Petitioner's Objections at page 1.

6 See id. at pages 21–23.

7 See id. at pages 23–25.

determination of factual issues.  A petitioner can only rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'"  Wood v. Allen, 558 U.S. 290, 301, 130 S.Ct. 841, 849, 175 L.Ed.2d 738, 747 (2010) (quoting Rice v. Collins, 546 U.S. 333, 341-342, 126 S.Ct. 969, 976, 163 L.Ed.2d 824, 833 (2006)).

     Petitioner correctly notes that "the state-court fact-finding process is undermined where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim."  Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004).  However, "a state court need not make detailed findings addressing all the evidence before it."  Miller-El v. Cockrell, 537 U.S. 322, 347, 123 S.Ct. 1029, 1045, 154 L.Ed.2d 931, 956 (2003).  "To fatally undermine the state fact-finding process, and render the resulting finding unreasonable, . . . the evidence in question must be sufficient to support petitioner's claim when considered in the context of the full record bearing on the issue presented in the habeas petition."  Taylor, 366 F.3d at 1001.

Here, petitioner contends that Judge Temin's factual determination that petitioner's plea was not part of a package deal was unreasonable, because Judge Temin failed to consider her own recollection of the events.[8]  However, assuming that Judge Temin was even permitted to rely on her own memory, petitioner has not shown by clear and convincing evidence that Judge Temin did, in fact, ignore her own memories of petitioner's guilty plea.  On the contrary, as petitioner notes, Judge Temin stated that "I was told that [the plea deal] was all or nothing.  And I am likely to find that that is, in fact, the case".[9]  If anything, Judge Temin's statements indicated that she would place great weight on her own recollection of events.

Of course, Judge Temin's recollection is not dispositive, and it yielded to the mutually corroborating testimonies of the assistant district attorney assigned to the case, petitioner's plea counsel, and counsel for petitioner's co-defendants.[10]  In light of the full record, Judge Temin's finding was reasonable and does not indicate that she failed to consider any key part of the record.

---

[8]   Petitioner's Objections at page 21.

[9]   Notes of Testimony of the hearing conducted on April 10, 2012 in Philadelphia, Pennsylvania, styled "Hearing Volume 1 April 10, 2012" ("N.T. 4/10/2012") at pages 8-9.

[10]  See Report at page 9; Petitioner's Objections at page 22.

Petitioner next contends that Judge Temin's factual determination that Mary T. Maran, Esquire, never told defendant that his mother wanted him to accept the guilty plea was unreasonable.[11] Petitioner argues that Judge Temin improperly relied on Ms. Maran's testimony because Ms. Maran was a witness who lacked personal knowledge of the facts.[12] Petitioner is incorrect. Petitioner misapprehends the meaning of personal knowledge.

Personal knowledge is "[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said."[13]

Ms. Maran's testimony at the April 10, 2012 hearing was based on her own memory of, and participation in, the events surrounding petitioner's guilty plea in December 2009.[14] Although Ms. Maran had no recollection about specific details concerning the plea deal, she was able to testify to her presence at the courthouse on the day of petitioner's guilty

---

[11] Petitioner's Objections at page 24.

[12] See Petitioner's Objections at pages 24-25.

[13] See *Knowledge*, Black's Law Dictionary (10th ed. 2014).

[14] See N.T. 4/10/2012 at pages 72–91.

plea, her working relationship with petitioner's co-defendant's attorney, and her usual pattern of behavior.[15]

Portions of Ms. Maran's testimony contradicted petitioner's allegations and petitioner's testimony. Specifically, petitioner alleges that Ms. Maran spoke to him in his cell on the day of his guilty plea and told him that his mother wanted him to take the plea deal.[16]

However, on direct examination, when presented with the official visitor log for the Sheriff's Office, Ms. Maran confirmed that she only "signed in to speak with petitioner's co-defendant".[17] Ms. Maran also testified that it was "not a common practice for [her] to go down to the lockup to see multiple people on one day".[18] Moreover, Ms. Maran testified that she never would have falsely told the defendant that his mother wanted him to accept the guilty plea.[19]

In the context of the full record of the hearing, it was not unreasonable for Judge Temin to credit the testimony of Ms. Maran and not credit the testimony of petitioner. The PCRA

---

15 See generally N.T. 4/10/2012.

16 See Petitioner's Objections at pages 24, 28.

17 See N.T. 4/10/2012 at pages 85–86.

18 See id. at page 88.

19 See id. at page 91.

court rejected the primary fact -- that his guilty plea was part of a package deal -- underpinning petitioner's arguments.[20] Without this primary fact, petitioner's version of events -- that counsel for petitioner's co-defendants pressured him into taking the plea deal -- makes little sense and is supported only by the testimony of petitioner and petitioner's mother, which the PCRA court did not find credible.

Petitioner has not shown by clear and convincing evidence that Judge Temin relied on a witness who lacked personal knowledge.

The remainder of Petitioner's Objections -- that his plea was induced by a conflict of interest -- is merely a restatement of the legal arguments he presented to the PCRA Court.[21] The PCRA court flatly rejected the facts upon which petitioner based his claims and implicitly found that none of his ineffective assistance of counsel claims were meritorious.[22]

The PCRA court's rejection of petitioner's version of the facts is supported by, among other things, the mutually corroborating testimonies of the assistant district attorney

---

[20] See Report at page 8 (quoting Commonwealth v. Leaf, No. 2395 EDA 2012 (Pa. Super. Ct. June 12, 2013)).

[21] See Petitioner's Objections at pages 26–29.

[22] See Report at page 9 (quoting Commonwealth v. Leaf, No. 2395 EDA 2012 (Pa. Super. Ct. June 12, 2013)).

assigned to the case, petitioner's plea counsel, and counsel for petitioner's co-defendants.

Therefore, because the record supports the factual determinations made by the PCRA court, Judge Caracappa correctly concluded that the state court's decision "was [not] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

**CONCLUSION**

For the foregoing reasons, I overrule petitioner's objections and approve and adopt the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa. Moreover, because no reasonable jurist could find this ruling debatable and because there has been no substantial showing of the denial of a constitutional right, a certificate of appealability is denied.